IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOXIE PEST CONTROL, LP, a Texas limited partnership;<br>Plaintiff,<br><br>vs.<br><br>ECHO PEST CONTROL, LLC, a Missouri limited liability company;<br>Defendant. | **8:26CV149**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Echo Pest Control, LLC's Motion to Transfer Venue, Filing No. 15, to the United States District Court for the Western District of Missouri, Western Division (Kansas City) pursuant to 28 U.S.C. § 1404(a). For the reasons set forth herein, Defendant's motion is granted.

## BACKGROUND

Plaintiff Moxie Pest Control, LP ("Plaintiff") is suing Defendant Echo Pest Control, LLC ("Defendant") for copyright infringement pursuant to 17 U.S.C. § 501 and the removal or alteration of copyright management information pursuant to 17 U.S.C. § 1202. Filing No. 1.

Plaintiff is a Texas limited partnership. Its principal place of business is in Utah, and its partners reside in Utah. Filing No. 1 at 2; Filing No. 13. Defendant is a Missouri LLC. Its principal place of business is in Grain Valley, Missouri and its members reside in the Kansas City, Missouri area. Filing No. 14 at 1; Filing No. 18; Filing No. 17-2 at 1. Defendant's only members are Ryan and Kobi Waite. Filing No. 18.

Ryan also owns Moxie Pest Control of Missouri, LLC ("Moxie"). Plaintiff and its general partner entered into a licensing agreement with Ryan and Moxie. Filing No. 20 at

51. Plaintiff gave Moxie its copyrighted sales guide. Moxie then allegedly provided the sales guide to Defendant—Ryan's other pest control business. Filing No. 1 at 4.

Plaintiff sued Moxie and Ryan in the Western District of Missouri, Kansas City Division (the "Missouri Action"). *See Moxie Pest Control, LP v. Moxie Pest Control of Missouri, LLC et al*, No. 4:25-cv-00121 (W.D. Mo. filed Feb. 20, 2025). In relevant part, Plaintiff alleged in the Missouri Action that Moxie and Ryan breached the licensing agreement and were unjustly enriched when they allowed Defendant to use Moxie's licensed property. *See* Filing No. 17-3 at 7 ¶ 34, 10 ¶ 55, 12 ¶ 69; Filing No. 19 at 20. Discovery is ongoing in the Missouri Action and trial is set to start March 1, 2027. Filing No. 17-5 at 2. Defendant is not a party in the Missouri Action. Plaintiff separately sued Defendant in this action for the alleged unauthorized use and alteration of Plaintiff's copyrighted sales guide.

Discovery in the Missouri Action uncovered a 2016 email from Defendant to its regional manager (Ben Stowe) attaching the challenged sales guide. Filing No. 20 at 98. Ben lives in the Kansas City, Missouri area. Filing No. 17-6 at 1. Defendant's 30(b)(6) deponent—Ryan—testified during a deposition taken during the Missouri Action that he did not believe Defendant had any sales outside Nebraska in 2016. Filing No. 20 at 17. He also testified that Defendant did not use the sales guide in its Nebraska office. Filing No. 21-1 at 6, 8. One of Defendant's Nebraska employees (Rachael Lee) agreed to travel to Missouri for legal proceedings. Filing No. 17-2 at 1.

## ANALYSIS

Defendant moves to transfer venue to the Western District of Missouri, Western Division (Kansas City) pursuant to 28 U.S.C. § 1404(a). Section 1404 allows the Court to "transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice."

As an initial matter, for a case to "have been brought" in the transferee court, the "transferee court must (1) have subject-matter jurisdiction over the case, (2) have personal jurisdiction over the parties, and (3) be the proper venue for the transferred action." *BMWED v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1056 (D. Neb. 2020).

The Western District of Missouri would have subject-matter jurisdiction over this case because it is brought pursuant to federal copyright law. *See* 28 U.S.C. §§ 1331, 1338. Copyright actions "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "[C]ourts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." *Infogroup Inc. v. Office Depot, Inc.*, No. 8:20CV109, 2020 WL 6707359, at *5 (D. Neb. Nov. 13, 2020) (collecting cases); *see also* 28 U.S.C. § 1391(b)(1), (c)(2) (general venue statute). General personal jurisdiction exists over a LLC at its principal place of business. *Elliot v. HBO Home Ent. Corp.*, No. 4:23-cv-01611, 2024 WL 5119283, at *5 (E.D. Mo. Sept. 30, 2024) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). Defendant's principal place of business is in Grain Valley, Missouri in the Western District of Missouri (Kansas City Division).[1] Filing No. 14. The Western District of Missouri would have personal jurisdiction over Defendant and is a proper venue for this action. Accordingly, this case "might have been brought" in the Western District of Missouri.

Next, section 1404 outlines "three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Court is not limited to these enumerated factors and a motion to transfer is decided by "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

Under the "convenience" prongs, relevant factors include: "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained

[1] *See* United States District Court for the Western District of Missouri, *What are the boundaries of the Western District of Missouri?* https://www.mow.uscourts.gov/faq/jury/383.

of occurred, and (5) the applicability of each state's forum law." *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 n.4 (E.D. Mo. 2000). The "interest of justice" factors include: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

<u>Convenience</u>

The convenience factors weigh in favor of transfer. First, Plaintiff is a Texas limited partnership. Its principal place of business is in Utah and its partners reside in Utah. Filing No. 1 at 2; Filing No. 13. It is unclear why Nebraska is a more convenient—or Missouri a more inconvenient—forum for Plaintiff. On the other hand, Defendant is a Missouri LLC and both of its members reside in Missouri. Filing No. 14 at 1; Filing No. 18. Missouri is a more convenient forum for Defendant.

Second, it is difficult to ascertain at this early stage where Defendant's alleged tortious acts occurred or where relevant evidence is located. Plaintiff alleges Defendant used and altered its copyrighted sales guide, pointing to an email Defendant sent its regional manager in 2016 with the challenged sales guide attached. Filing No. 20 at 98. Defendant began operating in Nebraska in 2011. Filing No. 20 at 14. In 2016, all Defendant's sales occurred in Nebraska. Filing No. 20 at 17. However, Defendant's owner (Ryan) testified during a deposition in the Missouri Action that Defendant's Nebraska office did not use the sales guide. Filing No. 21-1 at 6, 8. Defendant now has three locations: one in Nebraska and two in Missouri. Filing No. 20 at 12. Its principal office is in Missouri.

It appears likely relevant, original evidence will be found at Defendant's Nebraska office. The Court acknowledges electronic document transmission lessens the inconvenience associated with transmitting documents from Nebraska to Missouri. However, "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, [Nebraska] would prove more convenient." *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010). This factor weighs slightly against transfer.

Third, Plaintiff represents it intends to call Defendant's Nebraska employees as witnesses. Defendant's owner (Ryan) and its regional manager live in Missouri. Filing No. 17-2; Filing No. 17-6. One known employee (Rachael Lee) lives in Nebraska but is willing to travel to Missouri for legal proceedings. Filing No. 17-2 at 1. Other known, potential witnesses (such as Plaintiff's owners) live outside either Nebraska or Missouri. Given Defendant's two locations in Missouri, it is likely other witnesses also live in Missouri. If employees do live in Nebraska outside the Court's subpoena power who are unwilling or unable to travel to Missouri, Plaintiff may depose those witnesses to record their testimony. Key witnesses, like Ryan and Defendant's regional manager, live in Missouri. This factor weighs in favor of transfer.

Taking into consideration and balancing all the relevant factors, Missouri is a more convenient forum. Notably, Nebraska is not more convenient for Plaintiff than Missouri, but Missouri is more convenient for Defendant than Nebraska. Known witnesses live in Missouri or are willing to travel to Missouri. Electronic document transmission and the ability to depose the unknown Nebraska witnesses alleviates some of the inconvenience associated with transferring this case to Missouri. The Court turns to whether transfer is appropriate in the interest of justice.

<u>Interest of Justice</u>

The "interest of justice" factors also weigh in favor of transfer. First, this case is connected to an ongoing case in the Western District of Missouri. As set forth above, Ryan Waite owns two pest control companies—Defendant and Moxie. Plaintiff provided its copyrighted sales guide to Moxie pursuant to a licensing agreement. Plaintiff sued Moxie and Ryan in the Missouri Action for allegedly providing the sales guide to Defendant. Plaintiff is suing Defendant in this action for allegedly using and altering the sales guide. While the claims are not the same (breach of contract and unjust enrichment versus federal copyright claims), both lawsuits involve the same underlying facts. For example, Plaintiff's counsel deposed Defendant's 30(b)(6) deponent—Ryan—in the Missouri Action and asked Ryan if he changed the language in the copyright notice at the bottom of the sales guide. Filing No. 20 at 22. Transferring this case will alleviate the risk of inconsistent results and serve judicial efficiency. *See GMAC/Residential Funding Corp.*

*v. Platinum Co. of Real Estate & Fin. Servs., Inc.*, No. Civ.02-1224, 2003 WL 1572007, at * 2 (D. Minn. Mar. 13, 2003) (citing 17 Moore's Federal Practice § 111.13(1)(o)) ("Judicial economy is served by allowing related actions to proceed in the same district.").

Second, the forum Plaintiff selects is generally entitled to considerable deference. This "choice of forum is afforded 'significantly less deference when (1) plaintiff does not reside in the selected forum or (2) the transaction or underlying facts did not occur in the chosen forum.'" *Crayola Props., Inc. v. Alex Toys LLC*, No. 4:14-CV-992, 2015 WL 12806577, at *2 (W.D. Mo. Jan. 7, 2015) (quoting *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056, 2006 WL 696461, at *4 (W.D. Mo. Mar. 17, 2006)). Here, Nebraska is connected to the underlying facts, but Plaintiff does not reside in Nebraska. This lessens the weight of this factor.

Third, Defendant argues keeping this case in Nebraska will unnecessarily inflate its legal bills because it will need to duplicate discovery it already disclosed pursuant to a 30(b)(6) deposition and two third-party subpoenas in the Missouri Action. The Court is not convinced this factor weighs heavily either for or against transfer. Defendant is not a party in the Missouri Action, and this is a separate litigation. Different discovery devices are available to obtain information from party defendants. However, a court that is already familiar with these parties and the underlying facts is better situated to rule on any discovery disputes that may arise while the parties attempt to avoid duplicating discovery efforts in this action.

Finally, this action does not involve questions of state law. Either federal court is equally equipped to deal with the federal copyright claims at issue in this action. The parties agree the remaining interest of justice factors are neutral because there are no issues of local law or conflict of laws, no issues related to enforcing the judgment in either district, and no obstacles to a fair trial in either district. Filing No. 16 at 9; Filing No. 19 at 23.

Upon considering all relevant factors, transfer to the Western District of Missouri is appropriate for the convenience of parties and witnesses and in the interest of justice. Notably, Plaintiff is not connected to Nebraska, but Missouri is more convenient for Defendant. Known witnesses reside in Missouri or are willing to travel to Missouri. A

related case involving the same underlying facts is already proceeding in Missouri. Defendant fulfilled its burden of showing transfer is warranted.

**CONCLUSION**

Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue, Filing No. 15, is granted. The above-captioned case is transferred to the United States District Court for the Western District of Missouri, Western Division (Kansas City).

Dated this 18th day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge